[Sac. No. 7966. In Bank. Aug. 7, 1973.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION
INTER-INSURANCE BUREAU, Plaintiff, v.
JOE JACKSON, JR., Defendant and Appellant;
DEPARTMENT OF HEALTH CARE SERVICES,
Claimant and Appellant.

860

## COUNSEL

Clarence S. Brown for Defendant and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, John Fourt and N. Eugene Hill, Deputy Attorneys General, for Claimant and Appellant.

No appearance for Plaintiff.

## OPINION

**SULLIVAN, J.**—In this interpleader action, defendant Joe Jackson, Jr., appeals from that portion of a judgment which grants a lien pursuant to Welfare and Institutions Code section 14117[1] in favor of lien claimant Department of Health Care Services of the State of California (Department)[2] against the amount apportioned to Jackson of the proceeds of uninsured motorist coverage deposited in court by the interpleading plaintiff insurer.

Jackson and other persons were passengers in an automobile owned and operated by Avery Sanders. They were injured as the result of a collision with an uninsured motorist. Jackson's medical expenses ($9,833.39) for the treatment of his injuries were paid under the California Medical Assistance Program (Medi-Cal), administered by the Department.

The automobile liability policy issued to Sanders by plaintiff California State Automobile Association Inter-Insurance Bureau contained an uninsured motorist clause, as required by Insurance Code section 11580.2, with maximum coverage of $15,000 for injury to each person, not to exceed $30,000 for each accident. Plaintiff brought the instant interpleader action,

---

[1]Hereafter, unless otherwise indicated, all section references are to the Welfare and Institutions Code.

[2]The Department of Health Care Services, now referred to as the "State Department of Health" (§ 14062; amended by Stats. 1971, ch. 1593, p. 3409, § 562), through its director (§ 14061) claimed a lien in order to recover the reasonable value of benefits provided under the California Medical Assistance Program (§ 14063) adopted pursuant to the Medi-Cal Act (§ 14000.4). (See generally Welf. & Inst. Code, div. 9, pt. 3, ch. 7, § 14000 et seq.)

naming as defendants, Sanders, Jackson, and the other occupants of the vehicle and deposited with the clerk of the court (see Code Civ. Proc., § 386), the sum of $30,000 which was its maximum liability under the policy. The Department, represented by the Attorney General, filed in the action a notice of lien claiming a first lien of $9,833.39 against any judgment rendered in favor of Jackson.

After receiving evidence as to the extent of injuries suffered by each occupant of the Sanders automobile, the trial court announced that it would apportion $11,000 of the $30,000 to Jackson and $19,000 to the other injured persons. Judgment was entered accordingly in which the county clerk was ordered to pay Jackson the sum of $11,000 "subject to the lien of the State of California." The judgment also stated that the amounts apportioned to the various parties were "insufficient and inadequate to fully compensate" them and merely reflected a proportionate disposition of the proceeds.

On the day the judgment was entered,[3] the defendants, through their respective counsel, filed a stipulation waiving the right of appeal.[4] However, neither plaintiff insurer, previously dismissed from the action, nor the lien claimant (Department), entered into the stipulation. Notwithstanding the waiver, Jackson appealed from that portion of the judgment which allowed a lien to the Department against the amount awarded him.[5]

As a result we are confronted at the start with the Department's contention that Jackson waived his right of appeal and that his appeal should

---

[3]Judgment was entered on August 17, 1971. On September 20, 1971, a purported supplemental judgment was entered pursuant to a stipulation in which the Department agreed to reduce its lien claim to $4,916.69. This judgment awarded $6,083.31 to Jackson, or the difference between the total award of $11,000 and the amount of the reduced lien claim. Since notice of appeal was filed on September 16, 1971, the trial court was without jurisdiction to modify the judgment (see Code Civ. Proc., § 916); therefore, the supplemental judgment is void. Nevertheless, the parties do not contest the validity of their stipulation and have advanced arguments concerning the right of the Department to its reduced claim only. Moreover, the Department explains in its brief that the lien was reduced "because it would be unconscionable to take $10,000 of a personal injury award of $11,000."

[4]The stipulation declared as follows: "It is hereby stipulated by and between the parties defendant, by and through their respective counsel, that findings of fact, conclusions of law, notice of entry of judgment and right of appeal is waived by each of the respective parties."

[5]The Department also filed notice of appeal from the August 17 judgment on September 23, 1971, explaining in its reply brief that the cross-appeal is "precautionary" and intended only to allow a remand to the trial court for correction of the judgment if its language were found to be defective in some manner. Since we have concluded that the judgment of the trial court was correctly stated, the Department's appeal must be dismissed.

be dismissed. The Department argues that when the interpleading plaintiff deposited in court the $30,000 representing its limit of liability and was discharged from further liability, plaintiff ceased to be a party in the case and thereupon Jackson and the other defendants became the adversaries. (See 3 Witkin, Cal. Procedure (2d ed. 1971) p. 1899.) The agreement entered into by such adversaries, so the argument runs, was an "arms-length transaction," was approved by Jackson's attorney and was submitted to the court, and therefore constituted a waiver of appeal not only as to the parties thereto but also as to Department. In response Jackson asserts (1) that the waiver was intended to relate only to the apportionment of the funds among defendants and not to the validity of the Department's lien; and (2) that assuming arguendo that it did relate to the validity of the lien, it was ineffective because Jackson's counsel could not validly waive his client's right to appeal without the latter's consent. Since we are of the opinion that Jackson's first point has merit, we deem it unnecessary to reach the second.[6]

 From our examination of the language of the stipulation (see fn. 4, *ante*) we are satisfied that Jackson did not thereby waive his right to appeal the validity of the Department's lien. It is noteworthy that the Department is not a party to the stipulation. On the contrary, only defendants who asserted conflicting claims to the insurance proceeds deposited in court entered into the stipulation. In pertinent part it states: "[The] right of appeal is waived by each of the *respective* parties." (Italics added.) "Respective" means "proper or relating to particular persons or things each to each." (Webster's Third New Internat. Dict. (1963).) It is apparent from the context in which the stipulation was drafted, some four days prior to the entry of the judgment making Jackson's award subject to the Department's lien, that the conflicting claimants to the $30,000 insurance proceeds were merely agreeing that they would not further challenge the judgment insofar as it apportioned the proceeds between Jackson on the one hand and the members of the Sanders family on the other.

We turn to the merits. Essentially the main issue of the appeal is this: May the Department recover the amounts paid by it for hospital

---

[6]Jackson's position is that the right to appeal is a substantial right which can be waived by counsel only if the express consent of his client is obtained. (See *Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 278 [74 Cal.Rptr. 544, 449 P.2d 760]; *Wuest* v. *Wuest* (1942) 53 Cal.App.2d 339, 345 [127 P.2d 934]; 1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 121, pp. 131-133; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 133, p. 4129.) The Department, citing *Fowlkes* v. *Ingraham* (1947) 81 Cal. App.2d 745, 748 [185 P.2d 379], argues that an attorney has an "implied authority to waive his client's right of appeal."

and medical services[7] required by Jackson for the treatment of injuries sustained in an automobile collision with an uninsured motorist by filing a lien against a judgment awarding Jackson a portion of the proceeds paid under the uninsured motorist coverage of an automobile liability policy? Jackson contends that the Department is not entitled to a lien for two reasons: First, he argues section 14117[8] and Labor Code section 3852,[9] to

[7]The notice of lien filed by the Department claimed a first lien of $9,833.39, said sum representing "payments by the Department . . . for health care provided Joe Jackson, Jr., a beneficiary under Chapter 7 'Basic Health Care' of Part 3, Division 9 of the Welfare and Institutions Code." An attachment listed items of hospital and doctor bills. The notice stated that the lien was filed pursuant to section 14117.

[8]Section 14117 provides: "(a) When benefits are provided or will be provided to a beneficiary under this chapter because of an injury for which another person is civilly liable, the director shall have a right to recover from such person the reasonable value of the benefits so provided. The Attorney General, or counsel for the fiscal intermediary under the California Medical Assistance Program with the permission of the Attorney General, or a county through its civil legal adviser, may, to enforce such right, institute and prosecute legal proceedings against the third person who is liable for the injury in the appropriate court, either in the name of the director or in the name of the injured person, his guardian, personal representative, estate, or survivors. In enforcing such right the director may commence and prosecute actions, file liens, or intervene in court proceedings all in the same manner, with the same rights and authority as to notice, settlement and other matters, and to the same extent provided in Chapter 5 (commencing with Section 3850), Part 1, Division 4 of the Labor Code for an employer or workmen's compensation insurer where payments have been made or a liability incurred by an employer or an insurer under the workmen's compensation laws. In the event that the injured party beneficiary, his guardian, personal representative, estate or survivors or either of them brings an action for damages against the third person who is liable for the injury, notice of institution of legal proceedings, notice of settlement and all other notices required under Chapter 5 (commencing with Section 3850), Part 1, Division 4 of the Labor Code shall be given to the director in Sacramento except in cases where the director specifies that notice shall be given to the Attorney General.

"(b) The director may (1) compromise, or settle and execute a release of, any such claim, or (2) waive any such claim, in whole or in part, for the convenience of the director, or if the director determines that collection would result in undue hardship upon the person who suffered the injury.

"(c) No action taken in behalf of the director pursuant to this section or any judgment rendered in such action shall be a bar to any action upon the claim or cause of action of the injured person, his guardian, personal representative, estate, dependents, or survivors against the third person who is liable for the injury, or shall operate to deny to the injured person the recovery for that portion of his damage not covered hereunder. If a legal proceeding is instituted by the director pursuant to this section notice shall be given to the beneficiary, his guardian, personal representative, estate or survivors or either of them who shall have the right to intervene in the proceeding as where an employer institutes a legal action under Chapter 5 (commencing with Section 3850), Part 1, Division 4 of the Labor Code and shall otherwise have the rights of an employee under Chapter 5 (commencing with Section 3850), Part 1, Division 4 of the Labor Code. Where an action is brought by the director it shall be commenced within the period prescribed in Section 338 of the Code of Civil Procedure."

[9]Labor Code section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from

which the former section refers, construed together, permit recovery by the Department for Medi-Cal outlays only from the third-party tortfeasor, that is, from "the third person who is liable for the injury" (§ 14117, subd. (a)) but not from the insurance company affording uninsured motorist coverage or the beneficiary (e.g., Jackson) of such coverage; and, secondly, he urges, since section 14117 likens recovery by the Department under the Medi-Cal Act to recovery by an employer or the latter's compensation carrier under the workmen's compensation laws (see Lab. Code, § 3850 et seq.), the Department is barred by an exclusion in Insurance Code section 11580.2, subdivision (c)(4), disallowing recovery from the proceeds of uninsured motorist coverage "where it would inure directly or indirectly to the benefit of any workmen's compensation carrier or to any person qualified as a self-insurer under any workmen's compensation law."

Section 14117 was enacted in response to the federal requirement that a state or agency administering a medical assistance plan must, as a condition of federal approval, ". . . take all reasonable measures to ascertain the legal liability of third parties to pay for care and services (available under the plan) arising out of injury, disease, or disability . . . and (C) that in any case where such a legal liability is found to exist after medical assistance has been made available on behalf of the individual, the State or local agency will seek reimbursement for such assistance to the extent of such legal liability." (79 Stat. 344 (1965) 42 U.S.C. § 1396a(a)(25).) Thus the Department's recovery pursuant to section 14117 of the benefits provided by it subserves the general purpose and intent of the Legislature in establishing the California Medical Assistance Program which declares among other things that "benefits available under this chapter shall not duplicate those provided under other . . . contractual or legal entitlements of the person or persons receiving them." (Former subd. (c), now subd. (b), § 14000; see Stats. 1972, ch. 1366, § 1, p. 2718.)

 The point of Jackson's first argument is simply that section 14117 permits the Department to recover from "another person . . . civilly liable" but not from Jackson himself. However, as we explain *infra,* an analy-

such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

sis of the facts of the instant case demonstrates that the Department's lien falls properly within the statutory provisions.

As set forth in section 14117 (see fn. 8, *ante*), "the director shall have a *right to recover* from such person [civilly liable] the reasonable value of the benefits" provided under the Medi-Cal program. The appropriate legal officer "may, to enforce such right, institute and prosecute legal proceedings against the third person who is liable for the injury . . . . In enforcing such right the director may commence and prosecute actions, *file liens,* or intervene in court proceedings *all in the same manner,* with the same rights and authority as to notice, settlement and other matters, and *to the same extent* provided in Chapter 5 (commencing with Section 3850), Part I, Division 4 of the Labor Code for an employer or workmen's compensation insurer where payments have been made or a liability incurred by an employer or an insurer under the workmen's compensation laws." (Italics added.) Thus section 14117, subdivision (a), instead of setting forth in specific detail a procedural mechanism for enforcing the Department's right of recovery, merely incorporates by reference a mechanism existing in the Labor Code. Section 3852, for example, which is included among the Labor Code sections referred to, provides for one of the methods by which, in the context of the workmen's compensation laws, an employer or his workmen's compensation carrier who has provided benefits to an injured employee may recover from the negligent third person causing the injuries.[10] Thus, *mutatis mutandis,* section 14117 contemplates in the context of the Medi-Cal Act similar methods for the recovery of health care paid by the Department.

In the instant case, Jackson after being injured by an uninsured motorist, received hospitalization and medical care under the Medi-Cal program. Thereafter he sought to recover damages not only by resorting to the $30,000 deposited in court by plaintiff insurance company as the full amount provided by the uninsured motorist coverage of the Sanders policy but also by bringing an independent action against the uninsured motorist. Under Insurance Code section 11580.2, subdivision (a), his right of recovery under uninsured motorist coverage allowed him to obtain "all

---

[10]"There are three ways in which an employer who becomes obligated to pay compensation to an employee may recover the amount so expended against a negligent third party. He may bring an action directly against the third party (Lab. Code, § 3852), join as a party plaintiff or intervene in an action brought by the employee (Lab. Code, § 3853), or allow the employee to prosecute the action himself and subsequently *apply for a first lien against the amount of the employee's judgment,* less an allowance for litigation expenses and attorney's fees (Lab. Code, § 3856, subd. (b))." (*Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641].) (Italics added.)

sums [he] shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." As previously stated, in the instant interpleader action judgment was rendered in his favor in the sum of $11,000. His recovery from the money deposited in court by the interpleading plaintiff insurer is based on the latter's derivative liability under uninsured motorist coverage to Jackson and the other occupants of the insured vehicle for damages for the injuries caused by the uninsured third party tortfeasor. (See *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 505-506 [63 Cal.Rptr. 177].) In short, the insurer's liability under uninsured motorist coverage stands in the place of the third-party tortfeasor's liability, at least in part. Indeed, it is significant that the insurer paying a claim under uninsured motorist coverage becomes subrogated to the rights of the insured to whom the claim was paid against the uninsured motorist causing the injury. (Ins. Code, § 11580.2, subd. (g); see *Firemen's Ins. Co.* v. *Diskin, supra.*) Recovery by the injured party under uninsured motorist coverage is, therefore, in effect a recovery from the uninsured tortfeasor of damages for the bodily injuries negligently caused by the latter.

 Under section 14117 and the enforcement procedures which it incorporates from the Labor Code, the Department in enforcing its right of recovery may either bring a legal action against the third person liable for the injury or allow the injured party to do so. (§ 14117; see fn. 10, *ante.*) Clearly in an action for damages brought directly by Jackson against the negligent third-party motorist, the Department could have joined as a party plaintiff or intervened (Lab. Code, § 3853) or could have applied for a first lien against the amount of Jackson's judgment (Lab. Code, § 3856, subd. (b).)[11] In the situation before us, however, Jackson has

---

[11]In its original form (Stats. 1967, ch. 1424, p. 3351, § 1) section 14117, subdivision (a) stated that the Department shall have a "first lien against any judgment recovered by the injured person . . . against the third person who is liable for the injury . . . ." Former section 14117 was repealed (Stats. 1969, ch. 1420, p. 2909, § 1) and the section as it now stands (added by Stats. 1969, ch. 1420, p. 2909, § 2) merely refers to a chapter of the Labor Code, including section 3856 providing for a "first lien," in describing the reimbursement remedies of the Department.

Labor Code section 3856, subdivision (b) states in part: "If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred . . . together with a reasonable attorney's fee . . . . After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a *first lien against the amount of such judgment* for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852." (Italics added.) Section 3856, prior to 1959, provided that the employer's lien be effective as against the "entire amount" of a judgment in favor of the employee. This language was construed to mean that an employer's lien attached not only to that portion of the judgment attributable to special damages but also to pain

obtained a judgment for the recovery of money deposited in court which money represents damages for the negligence of the third party motorist (Ins. Code, § 11580.2, subd. (a)). We think that the Department is as clearly entitled to apply for a first lien against this judgment in Jackson's favor as it would have been against a judgment rendered in an action brought by Jackson directly against the negligent motorist. In the latter situation, Jackson would recover damages directly; in the situation at bench Jackson has recovered damages through a payment into court of uninsured motorist coverage and the insurer will in turn be entitled to recover from the third party to the extent of such payment. (See Ins. Code, § 11580.2, subd. (g).) The two situations differ only in form but not in substance or effect. As we have explained, the insurer's liability stands in the place of that of the negligent uninsured motorist. We conclude that under these circumstances the Department's lien was within the purpose and intent of section 14117 and was properly allowed against the judgment entered.

■ We take up Jackson's second attack on the Department's lien. His argument proceeds as follows: First, since the Department is enforcing its right of recovery according to the procedures incorporated from the Labor Code, it is in effect acting in the role of an employer or compensation insurance carrier; and second, since it is pursuing its remedies in such a role and is in effect attempting to recover the proceeds of uninsured motorist coverage, it is barred from doing so by Insurance Code section 11580.2, subdivision (c)(4), which excludes employers and compensation carriers. The exclusion in effect at the time of Jackson's injuries and his receipt of Medi-Cal benefits provided that uninsured motorist coverage did not apply "[i]n any instance where it would inure directly or indirectly to the benefit of any workmen's compensation carrier or to any person qualified as a self-insurer under any workmen's compensation law."[12]

---

and suffering in the form of general damages. (See *Dodds* v. *Stellar* (1947) 30 Cal.2d 496, 504-505 [183 P.2d 658]; *Heaton* v. *Kerlan* (1946) 27 Cal.2d 716, 723 [166 P.2d 857]; *Pacific G. & E. Co.* v. *Indus. Acc. Com.* (1935) 8 Cal.App.2d 499, 504 [47 P.2d 783]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1973) § 24.07[4][c].) The present language allowing a "first lien against the amount of [the] judgment [in favor of the employee]" has been given a similar construction. (See *Fuchs* v. *Western Oil Fields Supply* (1972) 25 Cal.App.3d 728, 738 [102 Cal.Rptr. 74].)

[12]The exclusion in Insurance Code section 11580.2, subd. (c) (4) was amended in 1972 (Stats. 1972, ch. 952, § 1, p. 1722) to disallow coverage not only to employers or carriers under the workmen's compensation laws, but also where recovery would inure "directly to the benefit of the United States, or any state or any political subdivision thereof." The effective date of this amendment was March 7, 1973 (Stats. 1972, ch. 952, § 2, p. 1728) and the amendment therefore is not applicable to this case.

Although, as we have explained earlier, the Legislature in implementing the Department's right of recovery under section 14117 has incorporated by appropriate reference the recovery procedures existing under the workmen's compensation laws, it does not follow that the Department thereby becomes in fact an employer or compensation insurance carrier by availing itself of such recovery procedures in the context of the Medi-Cal Act. It is true that section 14117, subdivision (a), states that these enforcement procedures are "all in the same manner . . . and to the same extent provided in . . . the Labor Code for an employer or workmen's compensation insurer . . . ." However, we do not believe that such language transforms the Department into an employer or workmen's compensation insurer or automatically imposes upon its right of recovery a restriction found in the Insurance Code, which makes no mention of the Department. (Cf. fn. 12, *ante.*)

Finding in section 14117 no express statement or reasonable implication that the Department upon pursuing its right of recovery shall assume all the burdens and disabilities of an employer or employer's carrier, we consider the purpose and intent of the exclusion in Insurance Code section 11580.2, subdivision (c)(4). We think that its purpose is clearly to shift the cost of an industrial injury sustained by an employee, as the result of the negligence of an uninsured motorist, from the motoring public (who pay the premium for uninsured motorist coverage) to the employer or workmen's compensation carrier. In other words, the uninsured motorist coverage, the cost of which is borne by holders of automobile liability policies, is withheld and the burden of liability falls on the employer or his carrier at least to the extent of compensation provided under workmen's compensation law.[13] We apprehend no similar purpose in section 14117. To the contrary, the Legislature has declared that the costs of benefits provided to an injured person under the California Medical Assistance Program shall be paid by any "person . . . civilly liable" (§ 14117, subd. (a)) and that "[t]he benefits available . . . shall not duplicate those provided . . . under other contractual or legal entitlements . . . ." (§ 14000, subd. (c).) We conclude that Insurance Code

---

[13]To prevent recovery by an injured employee out of both uninsured motorist coverage and workmen's compensation for the same loss, it is provided that uninsured motorist liability may be reduced to the extent paid and payable under any workmen's compensation law. (Ins. Code, § 11580.2, subd. (h)(1).) If the Department were considered an employer or workmen's compensation carrier for all purposes, as Jackson contends, it would seem appropriate that the insurer providing uninsured motorist protection would be entitled to a similar reduction.

section 11580.2, subd. (c)(4) does not preclude recovery by the Department in the instant case.

In summary, we hold that the Department is entitled to a lien to the extent of its reduced claim (see fn. 3, *ante*) against the judgment entered in favor of Jackson for the amounts paid by the Department for hospital and medical services under the California Medical Assistance Program.

The Department's appeal is dismissed. The judgment is affirmed as to that portion thereof appealed from. The Department shall have its costs on both appeals.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Devine, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.