[Civ. No. 12587. Fourth Dist., Div. One. Nov. 16, 1973.]

EARL W. BRIAN, as Director, etc., Plaintiff and Appellant, v.
WALTER P. CHRISTENSEN, Defendant and Respondent.

COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Robert G. Steiner and David J. Noonan for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Plaintiff, Earl W. Brian, Director of the Department of Health Care Services of the State of California, appeals the dismissal of his second amended complaint after defendant Walter P. Christensen's general demurrer was sustained without leave to amend.

The facts are taken from the second amended complaint. Charlene La Rosse, a passenger in a car negligently driven by James Armshaw, was injured in an accident November 18, 1968.

In July 1969 La Rosse applied for Medi-Cal benefits, agreeing to reimburse the Department of Health Care Services should she collect damages from a third party, and to direct any attorney she might have to reimburse the agency should there be any recovery. She received Medi-Cal benefits of $10,451.10.

In September 1969 La Rosse sued Armshaw. In January 1970 Blue Shield, which administered the Medi-Cal program, asked La Rosse to advise it of any civil action for damages. She did not. Attorney Christensen was substituted as her counsel of record in February 1970. The case was settled for $120,000 in July 1971, and was dismissed with prejudice by La Rosse August 3, 1971.

On October 14, 1971, Attorney Christensen wrote the Orange County Social Welfare Department that he represented La Rosse, the accident claim had been settled, and he understood "there is a medical lien or at least some payments have been made by Medi-Cal." He asked the department to contact him about the amount of the lien and the basis of compromise. The letter was forwarded to Blue Shield. On November 12, 1971, Blue Shield wrote Christensen a letter saying the letter constitutes notice of the lien of the Department of Health Care Services (under Welf. & Inst. Code, § 14117) on the proceeds of any judgment or settlement in the La Rosse case. The letter concluded, "[u]ntil such time as a formal notice of lien has been filed by the Attorney General on behalf of the Department of Health Care Services, payment of funds collected to satisfy the Medi-Cal lien should be made directly to California Blue Shield."

On November 18, Christensen wrote Blue Shield, asking for the amount of the medical lien and offering to discuss the matter. In a telephone conversation with Blue Shield, Christensen proposed a 50 percent compromise of the claim; Christensen refused to pay the claim in full unless he was paid a fee of 25 percent. Later, Christensen wrote the director's counsel he had "attempted to protect any purported lien you might have by reducing it 25% since any recovery . . . you could have gotten was clearly because of the efforts of myself and Charlene La Rosse"; Christensen said he no longer had funds belonging to La Rosse and had closed his file. He received a fee of $40,000 for handling all claims in the case. La Rosse received $60,000. The remaining $20,000 was distributed to other claimants.

Attorney Christensen had previously represented the department in enforcing its liens, had paid funds to Medi-Cal from money he recovered for injured persons without formal lien notices, and was aware of the department's lien rights under Welfare and Institutions Code section 14117.

The department claims Christensen is estopped from asserting "the lien" was invalid or affected because no lien and notice of lien had been filed in the La Rosse-Armshaw lawsuit. The complaint says the Legislature in-

tended the department to have a lien upon recovery in actions for special medical damages; there is a mandatory duty upon the aid recipient and the attorney handling the proceedings to notify the director under Welfare and Institutions Code section 14117. Attorneys have that duty, the department claims, because the Legislature intended them to have it and because the department has made an administrative determination they have such a duty. The complaint adds, it is the custom and practice of attorneys to give all required legal notices in lawsuits they handle, and Christensen intentionally refrained from giving notice of the court case or the settlement until after the case had been dismissed. He is estopped, therefore, from asserting the department should pursue the persons responsible for La Rosse's injuries and from asserting the department has failed to act "timely and expeditiously" to protect its interests. The director also alleges Christensen attempted to impede discovery of information and recovery of the Medi-Cal funds.

The director charged he would be unable to collect from the people civilly liable and he had therefore been damaged by Christensen for $10,451.10 plus interest. He asked for an impound from and lien on the settlement proceeds.

■ The sole issue is whether the complaint states facts sufficient to constitute a cause of action.

Assuming, for the purpose of this appeal, the allegations of the second amended complaint to be true (*Woodroof* v. *Howes,* 88 Cal. 184, 189 [26 P. 111]), the superior court correctly ruled it does not state a cause of action.

Welfare and Institutions Code section 14117 gives the Medi-Cal director a right to recover money paid for benefits to an injured person from the person liable for that injury, using a procedure from the Labor Code (see *Califonia State Auto. Assn. Inter-Ins. Bureau* v. *Jackson,* 9 Cal.3d 859, 866-868 [109 Cal.Rptr. 297, 512 P.2d 1201]).

While the department could have joined in La Rosse's action against Armshaw as a party plaintiff, intervened, or applied for a first lien against the judgment (*California State Auto. Assn. Inter-Ins. Bureau* v. *Jackson, supra,* 9 Cal.3d 859, 867), it did none of these things and now seeks to recover from La Rosse's attorney.[1]

---

[1]The complaint is also against La Rosse; her demurrer to the second amended complant was overruled.

Section 14117 provides: "In the event . . . the injured party beneficiary . . . brings an action for damages against the third person who is liable for the injury, notice of institution of legal proceedings, notice of settlement and all other notices required under Chapter 5 . . ., Part 1, Division 4 of the Labor Code shall be given to the director . . . ." The department has attempted in its complaint to establish a duty by Christensen to notify the department of La Rosse's action, or alternatively to estop him from asserting he had no such duty. The section provides only "notice shall be given." The notices in the appropriate division of the Labor Code (referred to in § 14117) are notices to the employee or employer if either brings an action, releases or settles the action (Lab. Code, §§ 3853, 3858, 3860). Because the Medi-Cal beneficiary and director are analogous to the employee and employer, they must give such notices to each other. However, no notice by any party's attorney is required in the pertinent sections of the Labor Code.

In his complaint, the director tries to establish that the attorney prosecuting an action on behalf of a Medi-Cal recipient has the duty to notify the director of filing and settlement[2] by alleging 1) the Legislature intended there be such a duty, 2) the department has, by administrative interpretation, determined there is such a duty, and 3) it is the custom and practice of attorneys to give notice.

The director argues Christensen was required to give him notice. He argues an attorney handling litigation is presumed to have full responsibility for its conduct; only he may perform attorney's duties regarding that lawsuit; and the client *may not* give notices in connection with the litigation. Assuming the validity of these arguments, they do not establish Christensen was required to give notice to the director or the department. Notice to the department is outside the lawsuit and has nothing to do with the conduct of La Rosse's action against Armshaw.

Further, the complaint does not allege Christensen undertook any independent duty to the director. The fact he had represented the director before in lawsuits to recover on liens imposes no affirmative duty on him to represent the director in any other lawsuit.

The director tries to escape from this dilemma of no duty to give notice by claiming Christensen is estopped to raise the issue.

---

[2]La Rosse did sign a document promising to notify the department should she file suit. The complaint does not allege attorney Christensen had any knowledge of this document.

The duty to give notice is established by the statute. Again, without that duty, there is no obligation from Christensen to the director. Even if Christensen is estopped from denying he must give notice, the director must establish a right or obligation owed him by Christensen, to state a cause of action. This he has not done. Without more, the director cannot make attorney Christensen the guarantor of his client's obligation.

There are no facts which would support recovery on a third party beneficiary theory. There is no showing either party sought to benefit the department when La Rosse employed Christensen to recover damages for her injuries.

Any fiduciary relationship in the La Rosse-Armshaw case is only between Christensen and his client. There is no showing Christensen and the department had any legally recognized relationship within that case. His service in recovering damages in earlier cases when the department was his client does not create a continuing duty to represent the department.

Judgment affirmed.

Cologne, J., concurred.

**WHELAN, J.**—I respectfully dissent.

In the action brought by La Rosse against a third party, neither La Rosse nor her attorney gave to the Department of Health Care Services the notice of the pendency of the action called for by Labor Code section 3853, whose provisions are made available to the department by virtue of Welfare and Institutions Code section 14117 (*California State Auto. Assn. Inter-Ins. Bureau* v. *Jackson,* 9 Cal.3d 859, 867 [109 Cal.Rptr. 297, 512 P.2d 1201]). In consequence of that failure, the department was denied the opportunity to claim its statutory lien in that action.

Because of that failure and because La Rosse had in writing agreed to reimburse the department and to direct her attorney to do so from any recovery, and upon the other facts alleged, the state should have been entitled to an equitable lien upon any of the settlement proceeds of $120,000 which came into possession of La Rosse or her attorney.

The attorney knew there had been Medi-Cal payments made and knew of the department's right to a lien in such a case.

The attorney had available to apply in satisfaction of the lien at least the 75 percent he sought to have the department accept in full; and to that, at least, an equitable lien should have attached. Such a lien would be comparable to that of an attorney based upon a contract for a lien. (See *Isrin* v. *Superior Court,* 63 Cal.2d 153, 157 [45 Cal.Rptr. 320, 403 P.2d 728].)

Since the recovery proceeds did come into the attorney's possession, he should be required to assert his defense.

A petition for a rehearing was denied November 30, 1973, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1974.