[Civ. No. 14034. Fourth Dist., Div. One. Apr. 9, 1975.]

WALTER P. CHRISTENSEN, Plaintiff and Appellant, v. EVELLE J. YOUNGER, as Attorney General, etc., et al., Defendants and Respondents.

**COUNSEL**

Andrew H. Rehberger for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Defendants and Respondents.

## OPINION

WHELAN, J.*—Walter P. Christensen has appealed from a judgment, entered December 3, 1973, dismissing his action for damages against Neal J. Gobar, Evelle J. Younger, Alvin J. Korobkin and Earl W. Brian. Brian is a medical doctor; the other defendants are lawyers. Christensen also is a lawyer.

The present action was filed in the Superior Court of San Diego County on March 5, 1973. The original and the amended complaints were each denominated as a complaint for damages for abuse of process.

The so-called abuse of process has to do with an earlier action filed by Brian in which Christensen was joined as a defendant.

The background of the action brought by Brian is supplied by the following statement.

As the result of an automobile collision on November 18, 1968, Charlene La Rosse filed an action on September 22, 1969, in the Superior Court of Orange County, for damages against James Armshaw. As a result of the accident, La Rosse, on July 1, 1969, applied for and received Medi-Cal benefits which are administered by the Department of Health Care Services (HCS). On or about February 9, 1970, Christensen was substituted as attorney for La Rosse in the Orange County action. A settlement was eventually reached and the action was dismissed.

On March 13, 1972, an action was filed in the Superior Court of San Diego County denominated "Complaint to Enforce Lien of Department of Health Care Services Pursuant to Welfare and Institutions Code section 14117 and Damages." Brian, director of HCS, was plaintiff and La Rosse, Christensen, and Does I through X were named as defendants. Attorneys for plaintiff in that action were Evelle J. Younger, Attorney General, and Neal J. Gobar, Deputy Attorney General.

That action sought reimbursement under Welfare and Institutions Code section 14117 for the Medi-Cal benefits received by La Rosse or her attorney, Christensen. A demurrer to the complaint was sustained with leave to amend. First and second amended complaints were

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

thereafter filed based upon the same general theory. In those amended complaints Alvin J. Korobkin, deputy attorney general, was added as one of plaintiff Brian's attorneys.

Christensen filed a demurrer to the second amended complaint on the ground no cause of action was stated against him as an attorney in his representative capacity for defendant La Rosse. That demurrer was sustained without leave to amend and resulted, on November 8, 1972, in a judgment of dismissal as to Christensen. La Rosse filed an answer to the second amended complaint, with Christensen appearing as her attorney.

Brian appealed from the judgment of dismissal as to Christensen. The judgment was affirmed by this court in *Brian v. Christensen,* 35 Cal.App.3d 377, 378-380 [110 Cal.Rptr. 688].

The amended complaint in the case at bench alleged that Brian and the lawyers named defendants in the present action, on April 24, 1972, filed a lawsuit, action No. 311700, against La Rosse and Christensen. Neither the date of filing nor the number of the action was alleged correctly.

The complaint does not allege directly that any process of the court issued in the action filed by Brian. It does allege:

"IX. That the filing of the suit and the issuance of the process of the court was done at the specific directions and orders of the defendants, and each of them. That the suit is being maintained against plaintiff to coerce him into paying over moneys that were received from the settlement of his client's cause of action by him for his attorney fees. That if no appearance is made by plaintiff in the action in which he is named he will be required to suffer a judgment against him in payment for the debt of another, namely, the MediCal recipient and the third party tortfeasor."

It may be assumed that the process referred to was the summons that was issued on the date Brian filed his complaint.

The complaint in Christensen's action against Brian alleged also:

"VII. That prior to the ultimate disbursal of funds belonging to plaintiff, *the State of California,* through its Director of the Department

of Health Care Services, did attempt to require this plaintiff to pay money belonging to his client to the State of California in satisfaction of a purported lien claim for care and services purportedly rendered to this plaintiff's client.

"
.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"X. That as a direct and proximate result of the malicious abuse of the process of the court to coerce the payment of money by this plaintiff for the debt of another, and to teach him a lesson for refusing to pay the State of California what they wanted, plaintiff has been generally damaged in the sum of Five Thousand ($5,000.00) Dollars.

"
.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"XII. That the defendants, and each of them, did act wilfully, maliciously, and with intent to vex, harass, and cause plaintiff unwarranted expenses in the defense of the unfounded claim, and because of such conduct plaintiff is entitled to punitive damages from the defendants, and each of them, in the sum of Fifty Thousand ($50,000.00) Dollars.

"XIII. That prior to the institution of this action, plaintiff filed a claim for damages for abuse of process with the State Board of Control. That the State Board of Control did, on September 6, 1972, deny the claim for damages and this action has been commenced six (6) months from the date of the denial as aforesaid."

■ The amended complaint is devoid of any allegation that the summons was used for any purpose other than that for which a summons is intended.

The gist of Christensen's plaint is that he is compelled to defend an action, brought against him for a malicious motive, in which he should not have been named a defendant. The bringing of such an action constitutes malicious prosecution rather than abuse of process.

It is immediately apparent that a cause of action for abuse of process has not been stated. The elements of such a cause of action are stated in *Spellens* v. *Spellens*, 49 Cal.2d 210, 232-233 [317 P.2d 613]: " 'The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in

the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose *usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself,* such as the *surrender of property or the payment of money, by the use of the process as a threat or a club.* There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.' (Emphasis added; Prosser on Torts, (2d ed.) p. 667.)"

The *Spellens* court quoted from *Tranchina* v. *Arcinas,* 78 Cal.App.2d 522, 525 [178 P.2d 65], the following, which is itself a quotation from 3 Restatement of Torts, section 682, page 464:

" ' "One who uses legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby.

" ' "*Comment:*

" ' "a. The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for *any purpose other than that which it was designed to accomplish.* Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings which were brought with probable cause and for a proper purpose or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

" ' . . . . . . . . . . . . . . . . . . . . ' "
(49 Cal.2d 210, 231.)

*Spellens* quoted, also, at page 231, the following from *Dean* v. *Kochendorfer,* 237 N.Y. 384 [143 N.E. 229, 231]:

" ' "The gist of the action for abuse of process lies in the improper use of process after it is issued. *To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough.*"

" ' . . . . . . . . . . . . . . . . . . . . ' "

Dean Prosser, in Law of Torts (4th ed. 1971), also quoted in *Spellens*, defines the tort as follows: "Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause." (ch. 22, § 121, p. 856.) To the same effect is *Tellefsen* v. *Key System Transit Lines,* 198 Cal.App.2d 611, 613-614 [17 Cal.Rptr. 919].

■ There may be an abuse of process in an action in which the person obtaining issuance of the process has prevailed and in which the judgment in his favor is final. (*Tranchina* v. *Arcinas, supra,* 78 Cal.App.2d 522.)

■ It is likewise apparent that the amended complaint does not state a cause of action for malicious prosecution, since it nowhere alleges a termination favorable to Christensen in the action brought by Brian; indeed, the tenor of the complaint is as though Christensen had not yet appeared in Brian's action. Such an allegation is essential to state a cause of action for malicious prosecution. (*Roos* v. *Harris,* 203 Cal. 201, 202 [263 P. 225].) In any event, there had not yet been a termination of Brian's action, because Brian's appeal from the judgment was not finally decided until the Supreme Court denied a hearing on January 4, 1974. (See *Rich* v. *Siegel,* 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665].)

There is no such requirement in an action for abuse of process. For instance, in *Spellens* v. *Spellens, supra,* 49 Cal.2d 210, 229, the cause of action was alleged in a cross-complaint in the action in which the process issued.

We have taken judicial notice of the contents of the file of the superior court in Brian's action against Christensen. Among its contents is a sworn statement of Christensen in support of a motion for summary judgment, which, with the exhibits attached thereto, supplies a factual basis for a good-faith belief, reasonably held by Brian, that he had a good cause of action, when viewed in the light of the following: *California State Auto. Assn. Inter-Ins. Bureau* v. *Jackson,* 9 Cal.3d 859, 867 [109 Cal.Rptr. 297, 512 P.2d 1201]; *Moreno* v. *Venturini,* 1 Cal.App.3d 286 [81 Cal.Rptr. 551]; *R. E. Spriggs, Inc.* v. *Industrial Acc. Com.,* 42 Cal.2d 785, 789 [269 P.2d 876].

We note, also, that no claim was made in this court, in Brian's appeal from the adverse judgment in his action against Christensen, that the appeal was frivolous.

The judgment is affirmed.

Ault, Acting P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 4, 1975.