[Civ. No. 58127. Second Dist., Div. Five. Mar. 9, 1981.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE
CLUB OF SOUTHERN CALIFORNIA,
Plaintiff, Cross-defendant and Respondent, v.
MICHAEL MARQUEZ,
Defendant, Cross-complainant and Appellant.

COUNSEL

Shernoff, Wild, Lipsky & Batchelor, William M. Shernoff and Kenneth C. Blickenstaff for Defendant, Cross-complainant and Appellant.

Gilbert, Kelly, Crowley & Jennett, Patrick A. Mesisca, Jr., and Peter J. Godfrey for Plaintiff, Cross-defendant and Respondent.

OPINION

**STEPHENS, Acting P. J.**—This is an appeal by defendant and cross-complainant Marquez from a judgment in favor of plaintiff and cross-defendant Interinsurance Exchange of the Automobile Club of Southern California (hereinafter Exchange). Exchange brought its actions for declaratory relief and injunction; Marquez answered and cross-complained as a class action for declaratory relief.

There is no dispute as to the facts and we quote them as presented to us in the briefs: "In November of 1974, MARQUEZ was injured by an uninsured motorist during work. He filed a workers' compensation claim and subsequently filed an uninsured motorist arbitration proceed-

ing against the AUTO CLUB. His workers' compensation claim has been resolved with the compensation carrier paying MARQUEZ $1,445 in temporary disability benefits and $2,880 in permanent disability benefits. In addition, the workers' compensation carrier paid medical facilities and other third parties the sum of $11,333.34 for the medical services contracted by the compensation carrier. After the resolution of the workers' compensation matter, MARQUEZ proceeded with his uninsured motorist claim which was moving toward arbitration before the American Arbitration Association. [¶] A dispute arose between MARQUEZ and the AUTO CLUB as to the AUTO CLUB's right to offset all workers' compensation benefits from benefits due and owing from the AUTO CLUB to MARQUEZ under the uninsured motorist provision. Subsequent thereto, on April 4, 1977, by stipulation MARQUEZ and the AUTO CLUB agreed to withdraw the issue from the American Arbitration Association and to allow the Superior Court to determine the issue. The AUTO CLUB filed suit in the Superior Court for declaratory relief and MARQUEZ cross-complained transforming the entire action into a class action on behalf of all other persons against whom AUTO CLUB had offset workers' compensation benefits from uninsured motorist benefits. Subsequent thereto, by 'Stipulation re Bifurcation of Issues and Order Therefore', the parties agreed to try this matter before the Honorable Harry Hupp, Judge of the Superior Court, a jury trial having been expressly waived by both sides as to the issue presented. [¶] Under Part IV, Uninsured Motorist, the policy states:

"Under the terms of Part IV: [¶] (1) Any loss payable to or from any person shall be reduced by the amount paid and the present value of all amounts payable to him under any workmen's compensation law, exclusive of nonoccupational disability benefits."

▪ The issue is one of construction of Insurance Code section 11580.2, subdivision (h)(1).[1]

---

[1]Section 11580.2, subdivision (h)(1) of the Insurance Code reads as follows: "An insured entitled to recovery under the uninsured motorist endorsement or coverage shall be reimbursed within the conditions stated herein without being required to sign any release or waiver of rights to which he may be entitled under any other insurance coverage applicable; nor shall payment under this section to such insured be delayed or made contingent upon the decisions as to liability or distribution of loss costs under other bodily injury liability insurance. or any bond applicable to the accident. Any loss payable under the terms of the uninsured motorist endorsement or coverage to or for any person may be reduced:

"(1) By the amount. paid and the present value of all amounts payable to him . . . under any workers' compensation law, exclusive of nonoccupational disability benefits."

Are the rules of construction those applicable to statutory construction or those applicable to insurance policies? The briefs fairly concede that the determination of which rules apply governs the result. The trial court concluded that statutory rules applied and we agree. Conceding that any ambiguity or uncertainty of an insurance policy will be construed against the insurer which caused the ambiguity, where the language is that of the Legislature, then that rule does not apply. (*Darrah* v. *California State Automobile Assn.* (1968) 259 Cal.App.2d 243, 247 [66 Cal.Rptr. 374].) In interpreting the statute then it must be given a reasonable construction according to the Legislature's real or apparent intention. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ The crux of the section, insofar as this case is concerned, is "Any loss payable under the terms of the uninsured motorist endorsement or coverage to or for any person may be reduced: [¶] (1) By the amount paid and the present value of all amounts payable to him . . . under any workers' compensation law, exclusive of nonoccupational disability benefits."[2]

Upon examining the phrase "to him" we necessarily conclude that this is a designation of "any person" used as stated in the primary provision for reduction. The words "to him" as thus used have no meaning as to the manner of payment.

Since "to him" relates back to the designated "any person" it is the primary provision for reduction which governs those payments which are subject to being reduced from uninsured motorist coverage payments. Relying then upon the primary declaration of the legislation, the provision is that "Any loss payable . . . *to or for* any person may be reduced." (Italics added.) Hence, as stated in *Safeco Ins. Co.* v. *Houchins* (1970) 12 Cal.App.3d 12, 16 [90 Cal.Rptr. 414]: "The language of the policy is clear and its meaning unambiguous."

In *Waggaman* v. *Northwestern Security Ins. Co.* (1971) 16 Cal.App. 3d 571 [94 Cal.Rptr. 170], the court, at page 579, stated: "By permitting the parties to an uninsured motorist insurance policy to contract for a reduction of the loss payable '[b]y the amount paid and the

---

[2]The sums involved in the instant dispute consist of medically related payments made by the workers' compensation carrier for services rendered to Marquez and paid directly to the persons rendering such services. We are not concerned with "nonoccupational disability." (*See California Comp. Ins. Co.* v. *Ind. Acc. Com.* (1954) 128 Cal.App.2d 797 [276 P.2d 148, 277 P.2d 442].)

present value of all amounts payable...under any workmen's compensation law...' (Ins. Code, § 11580.2, subd. (h)), the Legislature has made plain that there shall be no double recovery under the policy and under the workmen's compensation law when the parties have so agreed." And in *California State Auto. Assn. Inter-Ins. Bureau* v. *Jackson* (1973) 9 Cal.3d 859 [109 Cal.Rptr. 297, 512 P.2d 1201], it is stated (at p. 869): "...[W]e consider the purpose and intent of the exclusion in Insurance Code section 11580.2, subdivision (c)(4). We think that its purpose is clearly to shift the cost of an industrial injury sustained by an employee, as the result of the negligence of an uninsured motorist, from the motoring public (who pay the premium for uninsured motorist coverage) to the employer or workmen's compensation carrier. In other words, the uninsured motorist coverage, the cost of which is borne by holders of automobile liability policies, is withheld and the burden of liability falls on the employer or his carrier at least to the extent of compensation provided under workmen's compensation law."

By the construction we conclude is demanded, by a full reading of the applicable portions of the section, there is no "double recovery" of the amounts payable "to and for any person [covered by uninsured motorists]." Marquez argues that there would be no double recovery in any event, in that no amount has been paid for pain and suffering. He misses the point. Uninsured motorist coverage is limited in amount and when that maximum has been reached, no matter what additional recovery the injured person may be entitled to, the carrier is not liable therefor. (See *Jarrett* v. *Allstate Ins. Co.* (1962) 209 Cal.App.2d 804 [26 Cal.Rptr. 231].)

We note that our conclusion places an injured party without the benefits of workers' compensation coverage on the identical basis (insofar as uninsured motorist coverage is concerned) with a like person with workers' coverage.

The judgment is affirmed.

Hastings, J., and Older, J.,* concurred.

A petition for a rehearing was denied April 3, 1981, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1981.

---

*Assigned by the Chairperson of the Judicial Council.