# 120

405 P.2d 342

**J. B. & R. E. WALKER, INC., a Utah corporation, and J. B. Walker and Gudvor W. Braby, dba Walker Sand & Gravel Company, a partnership, Plaintiffs and Respondents,**

v.

**J. Kenneth THAYN, dba Thayn Construction Company, Defendant and Appellant.**

No. 10224.

Supreme Court of Utah.

Sept. 9, 1965.

Clarence J. Frost, Salt Lake City, for appellant.

H. Arnold Rich and Leonard W. Elton, Salt Lake City, for respondents.

PER CURIAM.

The complaint of the plaintiffs contains eight causes of action all relating to and arising out of or because of a certain lease agreement with the defendant.

In the first cause of action, plaintiffs sought to have the lease declared terminated because of certain alleged breaches of its terms by the defendant. The remaining seven causes of action seek rentals and damages claimed to be due because of the alleged breaches.

A hearing was held and evidence received with respect to the first cause. This was over defendant's objection. At the conclusion thereof, the court entered a written judgment declaring the lease "to be terminated, cancelled and annulled by reason of the breaches * * * by the defendant." The judgment further recited: "That all other issues, matters and things pertaining to the second, third, fourth, fifth, sixth, seventh and eighth causes of action shall be and the same are hereby reserved for future determination by the court, and that the court retains jurisdiction of said cause for the purpose of determination of said matter and things."

It is from the foregoing judgment that defendant appeals. Although treated as

such by both parties, this is not a final judgment from which an appeal may be taken.[1] The instant case might well have been entertained as an appeal from an interlocutory order or decision.[2] However, defendant did not see fit to follow that procedure.

A case cannot be brought to this court in fragments, and this appeal, not being from a final judgment, must be dismissed.[3]

No costs awarded.

---

1. Rule 72(a), U.R.C.P.
2. Rule 72(b), U.R.C.P.

3. Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726 (1937).