515 P.2d 1194

**Norman Kennedy HUNT, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARI-COPA, Judge Ed W. Hughes, Judge of Division 17 of the Maricopa County Superior Court, Respondent,**

**and**

**Lucy Ann HUNT, Real Party in Interest.**

**No. I CA–CIV 2537.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 20, 1973.

Shimmel, Hill & Bishop, P. C. by William C. Blakley, Phoenix, for petitioner.

Donald W. Harris, Phoenix, for real party in interest.

## OPINION

HAIRE, Judge.

In this special action proceeding, the petitioner seeks an order of this Court directing the trial court (1) to fix the amount of a supersedeas bond to be filed in connection with petitioner's appeal from a post-judgment order relating to custody in a divorce case and (2) to enter an order requiring that the custody of the child involved be returned to petitioner pending the appeal.

Petitioner here is defendant and counterclaimant in a divorce action heard by the trial judge herein in July 1973. Respondent real party in interest is the plaintiff therein. Judgment was entered on July 12, 1973, and awarded both parties a divorce and custody of the one minor child to the petitioner, with a provision for a review of custody on September 14, 1973. The review hearing was apparently adjourned to and held on October 1, 1973, at which time the trial court ordered that custody of the child be awarded to the real party in interest and that actual physical custody be given to her by October 11. This ruling was reduced to a written order On that same day, petitioner filed a notice which was signed and filed on October 11. of appeal from the October 11 order, a motion for stay pending appeal, and a petition to set supersedeas bond. The motion and petition were immediately heard and denied by the trial court, by minute entry order of October 11 and written order of October 17, 1973. That is, the court denied the stay and absolutely refused to fix any amount for a supersedeas bond. Petitioner filed this special action on October 18, 1973. Inasmuch as a special action is ap-propriate to review an order such as that involved here and to direct appropriate and immediate relief if that is warranted, we assume jurisdiction. Allison v. Chatwin, 99 Ariz. 99, 407 P.2d 69 (1965); Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1965).

Petitioner has furnished us with copies of the October 11, 1973 written order which is being appealed, the minute entry order of October 11, 1973, and the written order of October 17, 1973. In none of these did the trial court make any finding of any kind concerning the health or well-being of the child, nor did it recite any specific finding that allowing the child to remain in the custody of the petitioner pending his appeal would be detrimental to the child's health or well-being. In Allison v. Chatwin, *supra*, and a line of earlier cases cited therein, our Supreme Court held that:

". . . when an appeal is filed in a case in which custody of children is changed by the lower court, it is the duty of the court upon application to fix a supersedeas bond, the purpose of which is to preserve the status quo of the case pending appeal.

\*   \*   \*   \*   \*   \*

"It is not within the power of the lower court to award custody of children temporarily pending appeal.

"The purpose of the supersedeas bond is to afford the party appealing from a lower court order to stay any further proceedings in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo." 99 Ariz. at 102, 103, 407 P.2d at 71.

This absolute right to a stay order prohibiting a child custody change pending an appeal, was modified in Young v. Bach,

107 Ariz. 180, 484 P.2d 176 (1971). The rule now is that the retention of custody by the appellant pending appeal need not be permitted where the trial court specifically finds that it would be detrimental to the health or well-being of the child to have to remain in the appellant's custody. While Young v. Bach arose from a guardianship proceeding, there is just as much or more reason for applying its rule to divorce (now dissolution) proceedings or those otherwise involving custody disputes between the parents of the child. Neither the order of October 17, 1973, (nor the related minute entry order), from which relief is sought here, nor the written order of October 11, 1973, which is being appealed, contained the specific finding required by Young v. Bach, *supra*. The general rule of Allison v. Chatwin is therefore still applicable, and the trial judge should have granted petitioner's motion for a stay order and for the fixing of the amount for supersedeas.

■ In a belated attempt to comply with Young v. Bach, the real party in interest procured and filed as part of her response in this Court a purported "Amended Judgment and Order", which was signed by the trial judge on October 29, 1973, after the appeal had been perfected and after the trial judge had denied petitioner-appellant's request for a stay order and the setting of supersedeas. This amended order purported to be an amendment of the appealed-from judgment and contained what can be regarded as a finding by the trial judge that it would be detrimental to the well-being of the child to remain in appellant's custody. Inasmuch as the trial judge had no further jurisdiction to amend the appealed-from judgment once the appeal had been perfected, except as to matters in furtherance of the appeal, the purported amended judgment was void.

In view of the trial court's failure to set supersedeas as required by Allison v. Chat-win, *supra*, or, in the alternative to make a finding in its order denying the stay which would justify its refusal to set supersedeas as authorized by Young v. Bach, *supra*, the relief requested by petitioner herein must be granted to the following extent, and it is hereby so ordered:

(1) The trial court's minute entry order of October 11, 1973, and written order of October 17, 1973, denying petitioner's motions for a stay and to fix the amount of a supersedeas bond are vacated.

(2) The trial judge is directed to reconsider petitioner's motions for a stay and to fix the amount of a supersedeas bond, and grant said motions fixing a reasonable amount for the supersedeas bond, and ordering that custody of the child be returned to petitioner pending his appeal, *unless* he specifically finds, as part of a written order denying said motions (and not as a purported amendment of the prior judgment entered herein), that it would be detrimental to the health or well-being of the child to remain in the custody of the petitioner pending the disposition of the appeal.

Whether such a finding is appropriate is a matter for resolution by the trial judge in the exercise of his discretion. The finding may be based upon evidence already of record if sufficient to support such a finding, or the trial judge may, in the exercise of his discretion, allow either party to introduce additional evidence. If additional evidence is admitted, it shall be directed solely to the stay and supersedeas issues, and shall not be considered pertinent or material to any issues raised in the appeal from the October 11, 1973, order, the record of which has already been fixed by perfection of that appeal.

The relief requested by the petitioner is granted to the extent above set forth.

EUBANK, P. J., Department B, and JACOBSON, C. J., Division 1, concur.