**Charles R. KENNEDY and Rebecca Z. Kennedy, Plaintiffs and Appellants,**

v.

**NEW ERA INDUSTRIES, INC., and M. S. Rosenberger, et al., Defendants and Respondents.**

No. 15969.

Supreme Court of Utah.

Aug. 30, 1979.

Don B. Allen, of Ray, Quinney & Nebeker, Salt Lake City, for plaintiffs and appellants.

Stephen G. Crockett of Martineau & Maak, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This is an appeal from a judgment entered by the trial court which imposed sanctions for plaintiffs' failure to respond adequately to interrogatories. The plaintiffs claim (1) that the trial court abused its discretion in granting a default judgment to M. S. Rosenberger on his counterclaim against them because their answers to interrogatories were substantially completed and detailed, and (2) that the trial court erred in granting judgment on the counterclaim without taking evidence in support of the allegations on which the judgment was based.

We do not reach the merits of plaintiffs' claims because the case is not properly before this Court. Although the issue of jurisdiction was not raised by either party, it is our prerogative, *sua sponte*, to refuse to

decide cases not properly before the Court. *J.B. & R.E. Walker, Inc. v. Thayn*, 17 Utah 2d 120, 405 P.2d 342 (1965); *Coray v. Southern Pacific Co.*, 112 Utah 166, 185 P.2d 963 (1947), rev'd on other grounds, 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1949); *Shurtz v. Thorley*, 90 Utah 381, 61 P.2d 1262 (1936). The judgment entered by the lower court was not a final judgment, and no exceptions to the final judgment rule have been met. The appeal is therefore dismissed.

On July 21, 1972, plaintiffs filed a complaint in the trial court against the following defendants: New Era Industries, Inc.; Aircomb Technology Corporation; KFR Aircomb Corporation, aka Bonded Structures; James R. Henderson; Thomas T. Finlayson; Max King; Arch C. Scurlock; M. S. Rosenberger; Clarence R. Frere; and Merlin N. Toombs. Plaintiffs alleged two claims for relief against M. S. Rosenberger, who is the respondent here. Rosenberger answered, asserted four counterclaims against plaintiff Charles R. Kennedy,[1] and cross-claimed against one of the original defendants, Aircomb Technology Corporation. On August 18, 1977, the trial court granted a motion for partial summary judgment in favor of defendant Rosenberger with regard to certain accounts receivable. Pursuant to this judgment the trial court ordered plaintiffs to give Rosenberger an accounting of the moneys due him.

Defendant Rosenberger served interrogatories on plaintiffs on October 19, 1977. Plaintiff Charles R. Kennedy did not answer these interrogatories on time and with sufficient specificity, requiring Rosenberger to seek the aid of the trial court several times to compel proper answers. Finally on June 12, 1978, because of plaintiff's failure to comply with the previous orders of the trial court, Rosenberger filed a motion to enter a default judgment on his counterclaim against the plaintiff and to dismiss plaintiff's claims against him as a defendant. On June 26, the court rendered a judgment finding that plaintiff's failure to respond adequately to the discovery requests as ordered was without excuse or justification and that it had caused delay in the prosecution of the proceedings and substantial additional expense to Rosenberger. The court granted Rosenberger's motion to dismiss with prejudice and entered a default judgment in favor of Rosenberger on his counterclaims. The trial court did not rule on Rosenberger's cross-claim against Aircomb Technology Corporation; hence, this claim is still alive.

On July 26, 1978, plaintiffs filed a notice of appeal. Plaintiffs here argue that the June 26 judgment was erroneously entered for the reasons stated above.

Article VIII, § 9 of the Utah Constitution and Rule 72(a), Utah Rules of Civil Procedure, provide for appeals to this Court from all final orders and judgments from district court. The policy underlying these provisions is sound. In the first place, it promotes judicial economy by preventing piecemeal appeals in the same litigation to this Court. At least some appeals would ultimately never be taken, since the party aggrieved by an interlocutory order may, in the end, prevail. Also, expense to litigants and the judiciary is reduced by the general requirement that all issues be appealed in one procedure. Further, the final judgment rule prevents this Court from intermeddling in the business of the trial courts before they have had opportunity to rectify some of their own possible misjudgments and before they have completed the trial. Finally, the final judgment rule prevents the interminable protraction of lawsuits. In a day when the case load of this Court has risen astronomically and seriously strains our resources, there is even additional reason for applying the final judgment rule.

This Court held in *Shurtz v. Thorley*, 90 Utah at 384, 61 P.2d at 1264, quoting *North Point Consolidated Irr. Co. v. Utah & Salt*

---

1. Rosenberger counterclaimed against Charles R. Kennedy only and did not counterclaim against Rebecca Z. Kennedy. The judgment which was ultimately rendered in favor of Rosenberger on his counterclaim erroneously included Rebecca Z. Kennedy as a counter-defendant.

*Lake Canal Co.*, 14 Utah 155, 46 P. 824 (1896), that "[a] judgment, to be final, must dispose of the case as *to all the parties*, and finally dispose of the subject-matter of the litigation on the merits of the case."[2] The Court further stated that a final judgment is a judgment which ends the controversy between the parties litigant. *J.B. & R.E. Walker, Inc. v. Thayn*, 17 Utah 2d 120, 405 P.2d 342 (1965). In the case at hand the order entered by the trial court clearly was not a final order. The action against other defendants and Rosenberger's cross-claim remains alive.

Unquestionably there are times when interlocutory appeals or appeals from certain orders made in the course of litigation before the litigation as a whole comes to an end should be appealable. Our rules provide appropriate provisions in such circumstances. Rule 72(b) permits appeals from interlocutory orders and decisions if this Court enters an order holding that such an appeal is justified. Rule 54(b) authorizes a trial court in cases involving multiple claims or multiple parties to direct the entry of a final judgment, before all issues have been settled, as to some of the claims or some of the parties upon a finding that "there is no just reason for delay and upon an express direction for the entry of judgment." A strong reason supporting this rule is that the trial court, having an overview of the total litigation, is in a position to determine whether such an order would promote effi-

ciency, serve the ends of justice, and save this Court from having to deal with the same or similar issues in a piecemeal fashion.

The order appealed from in this case was entered by the trial court without a Rule 54(b) determination,[3] and this Court has not entered an order pursuant to Rule 72(b) permitting an interlocutory appeal.

It is unfortunate that the plaintiffs did not ask the trial court to reconsider its default judgment on both the main claim raised by them against Rosenberger and the counterclaims against Kennedy on the ground the judgment was unduly harsh since the failure on plaintiff's part was only with respect to the counterclaims. No doubt the trial judge would have recognized the disproportionately harsh remedy in entering a default on the main claim, as to which there was no dereliction, if he had reconsidered the action.

Rule 54(b) expressly states that a trial judge should have the opportunity for reconsideration in such cases since it facilitates the just and speedy resolution of disputes in the trial court. That rule provides:

> In the absence of such determination [i. e., that a judgment in a multiple party case is a final judgment] and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and

---

2. This case was decided before the Utah Rules of Civil Procedure were adopted, but the same rule applies.

3. As previously stated, the trial court entered its judgment on June 26, 1978. Plaintiffs filed a notice of appeal on July 26, 1978. The record of the proceedings was docketed in this Court on September 6. It included the pleadings, memoranda, court documents, and transcripts of three hearings before the trial court. On October 10, 1978, the record was supplemented without permission by this Court by an "Amended Judgment" which had been signed by the trial court on October 3. This "Amended Judgment" was not transmitted to this Court with the rest of the court record, but was transmitted thirty-four days thereafter. It made a Rule 54(b) determination that there was "no just reason for delay" and that the judgment in favor of Rosenberger and against

the plaintiffs was "the final judgment upon one or more, but less than all of the claims included in this litigation." This "Amended Judgment," however, has no effect on the outcome of our decision because the trial court no longer had jurisdiction to enter an amended judgment once the plaintiffs filed the notice of appeal. *Tobin v. Cities Service Oil Co.*, Wyo., 540 P.2d 930 (1975). See also *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wash.2d 327, 553 P.2d 442 (1976), appeal dismissed (430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801; *Hunt v. Superior Court In and For County of Maricopa*, 21 Ariz.App. 96, 515 P.2d 1194 (1973); *California State Auto. Ass'n Inter-Insurance Bureau v. Jackson*, 9 Cal.3d 859, 109 Cal.Rptr. 297, 512 P.2d 1201 (1973); *Meeker v. Walker*, 80 N.M. 280, 454 P.2d 762 (1969); *Dolbeer v. Harten*, 91 Idaho 141, 417 P.2d 407 (1966).

liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The lost time and effort occasioned by the briefing and oral argument in this case is a small price to pay for insisting that the parties comply with the rules of procedure so that the proper relationship between this Court and the trial courts may be maintained.

This appeal is dismissed without prejudice to another appeal at the proper time pursuant to Rule 76(c), Utah Rules of Civil Procedure, and the matter is remanded to the trial court for further proceedings.

Costs to Defendant.

CROCKETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

The majority opinion aborts an appeal from a default judgment entered as a sanction under Rule 37, U.R.C.P. The judgment not only dismisses appellants' complaint against respondent, it also grants respondent, without proof of damages, counterclaim relief in an amount which exceeds $100,000.

The action in which the judgment was entered involves other litigants, and the default judgment does not finally resolve all issues raised by all the pleadings. It nevertheless purports to constitute a full, complete and final disposition of the controversies between appellants and respondent.

The ground on which the majority dismisses the appeal is that the judgment, as it read when the notice of appeal was filed and when the record on appeal was originally transmitted, was not final and appealable because it did not contain "an express determination by the court that there is no just reason for delay" and "an express direction for the entry of judgment." Rule 54(b), U.R.C.P. provides that, unless such a recital is incorporated in a judgment which

disposes of fewer than all of the claims in any action, the judgment is subject to revision until all the claims are finally adjudicated.

Before briefs were submitted in this case, an "amended judgment" which includes the requisite Rule 54 recital was executed by the trial judge and transmitted to us by the district court clerk as supplemental record on appeal. The record shows that counsel cooperated in the procedures by which the amended judgment was executed and transmitted. Neither party raised an issue as to the finality of the judgment in written or oral argument.

The majority opinion takes the view that, once a notice of appeal was filed, the district court lacked authority to remedy the above noted defect in the originally transmitted judgment. The opinion cites a number of cases from other states on the jurisdictional point. Without drawing other distinctions between those cases and the one before us, it should be sufficient to observe that none of them treats the application of Rule 75, U.R.C.P., to the situation which confronts us.

Deleting language I consider irrelevant, Rule 75(h) provides:

> If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the Supreme Court, . . . on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court.

The statement of the majority opinion that the District Courts are without jurisdiction to amend the record after a notice of appeal has been filed is clearly in conflict with the quoted rule. Even after the record on appeal is transmitted, the trial judge may correct any omission or misstatement in it. The kind of omission whose correction is least likely to excite controversy is the

omission to incorporate in an otherwise final judgment the language Rule 54(b) requires. In this case, for example, it is evident from their conduct that all the parties and the trial judge desire an immediate appellate determination as to the propriety of the sanction in order that the litigation may proceed in an orderly and sensible fashion.

The authority of the trial court to correct and modify the record is limited, but it is not confined to the identification of documents which were a part of the trial record and inadvertently excluded from the record on appeal. In *United States v. Mori*, 444 F.2d 240 (5th Cir. 1971), one issue was whether the trial judge, even after the filing of a brief on appeal, could correct the record to show that one of his comments made during trial (and shown by the original record on appeal to have been made in the presence of the jury) was in fact made when the jury was not present. The court said:

> Subsequent to the filing of defendant's brief on appeal, the Government petitioned the trial court under Federal Rule of Appellate Procedure 10(e) to correct the record to reflect that the challenged comment took place outside the presence of the jury. After hearing arguments by counsel for the defendant and by counsel for the Government, the trial court, without a further evidentiary hearing granted the Government's motion to correct the record. Defendant objects to the timing of the Government's motion and the procedure employed to resolve the dispute. These objections are without merit.[1]

I agree that this Court should not undertake to separately review every trial court order entered en route to final determination of a case, but we should adapt to the realities of litigation and review those judgments which the litigants and the trial judge demonstrate they intend to be final and which are final in substance.

The probable result of this dismissal is that the issue will be presented to us at the conclusion of the trial and will be rebriefed and reargued. If we then modify the summary judgment which is the subject of this appeal, some of the litigants must return to the courtroom and present evidence, perhaps to a new jury, which could as well have been presented in the course of the original trial. The majority's action is contrary to the desires of the litigants and the trial judge and is unlikely to relieve any strain on trial or appellate court resources.

---

1. Rule 10(e) is in the same language as Rule 75(h), U.R.C.P.