**PEBBLE CREEK HOMES, LLC, a Utah Limited Liability Company; Mountain Valley Ira, LLC, a Utah Limited Liability Company; and William Naylor, an individual, Plaintiffs,**

v.

**UPSTREAM IMAGES, LLC, a Utah Limited Liability Company; and Michael Houmand, an individual, Defendants.**

No. 2:07–CV–00535 PGC.

United States District Court,
D. Utah,
Central Division.

Oct. 5, 2007.

James B. Belshe, David R. Wright, L. David Griffin, Brett I. Johnson, of Work-

man, Nydegger, Salt Lake City, UT, for Plaintiffs.

Gregory D. Phillips, Thomas R. Lee, Cody W. Zumwalt, of Howard, Phillips & Andersen, Salt Lake City, UT, for Defendants.

## ORDER DENYING MOTIONS TO REMAND AND TO HOLD VOID STATE COURT ORDER

PAUL G. CASSELL, District Judge.

Now before the court are the Pebble Creek Parties' motions to remand to Utah state court [# 6] and to hold void the state court order entered on July 25, 2007[# 11]. The Pebble Creek Parties argue that this court is without jurisdiction to consider the removed case. In addition, they contend that the state court was similarly without jurisdiction to enter an order denying their petition to nullify an allegedly wrongful lien.

The court, having reviewed the motions and the parties' accompanying memoranda, hereby DENIES both requests for the following reasons. First, the state quiet title claim is completely preempted by the Copyright Act—thereby providing this court with proper federal question jurisdiction—and joins with the remaining claims such that removal of the entire case is appropriate. And second, the state court's signing and entering of its order nearly two weeks after its dispositive bench ruling was only a ministerial act that did not affect the adjudication of the parties' dispute.

## BACKGROUND

On June 12, 2007, the Upstream Images Parties filed an action in this court against Troy Naylor, PCH, Canyon View Develop-

ment, LLC to enforce certain intellectual property rights regarding the alleged misappropriation of an elk image.[1] Thereafter, the Upstream Images Parties additionally caused several lis pendens to be filed on certain real property owned by the Pebble Creek Parties, and in response the Pebble Creek Parties filed a civil action in the Fourth Judicial District in and for Wasatch County, State of Utah, seeking to "quiet title" to the real property upon which the lis pendens were filed and to enforce Utah's wrongful lien statutes.[2]

The Pebble Creek Parties also filed a petition to nullify the liens, which Fourth District Judge Derek Pullan denied from the bench in a hearing on July 10, 2007 upon finding the lis pendens authorized under Utah law. At the conclusion of the hearing, Judge Pullan asked Thomas R. Lee, who argued the matter for the Upstream Images Parties, to prepare a proposed order reflecting the in-court ruling. Mr. Lee did so, and the proposed order was served via hand delivery and email on the Pebble Creek Parties' counsel on July 13, 2007. Although the Pebble Creek Parties contest whether the proposed order was fully negotiated at the time of its submission on July 23, 2007, any objections they had were required to be filed with Judge Pullan on or before July 20, 2007, and the Upstream Images Parties were required to file the proposed order no later than July 23, 2007.

Also on July 23, 2007, the Upstream Images Parties filed a "Notice of Removal" and a "Notice of Filing of Removal" in the state court action. Two days later, on July 25, 2007, Judge Pullan performed the ministerial act of entering the formal, written order reflecting his earlier bench ruling at the July 10, 2007 hearing. And thereafter,

1. See Upstream Images, LLC v. Naylor, 2:07–CV–00390 PGC.

2. See State Civil No. 070500255.

the Pebble Creek Parties filed a motion to remand on August 15, 2007, as well as a motion to hold void the state court order on August 30, 2007.

## DISCUSSION

### (A) Removal of the State Court Action Was Proper

The court finds that the Upstream Images Parties properly removed the state court action in this case. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ... the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[3] To validly effect such removal, the defendants must file a notice of removal within thirty days after they receive a copy of the initial pleading.[4]

The state court action at issue here is removable because the "quiet title" claim necessarily requires a decision under the Copyright Act.[5] Pursuant to § 301 of the Act, "all legal or *equitable* rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106 in works of authorship that ... come within the subject matter of copyright ... are governed exclusively by this title.... [N]o person is entitled to any such right or equivalent right in any such work *under the common law or statutes of any State*."[6] § 106 provides, in turn, that a copyright owner has exclusive rights to produce and authorize all reproductions, derivatives, distributions, performances, and displays of the copyrighted work.[7] As a whole, this "complete preemption" doctrine "serves to recharacterize a state law claim ... as an action arising under federal law ... for purposes of the well-pleaded complaint rule" such that "removal is proper even though the complaint may not mention a federal basis of jurisdiction."[8] And it is clear that such preemption applies where a state law claim seeks a "declaration" that an adverse party "has no rights" in an alleged copyrighted work.[9]

Here, in the original intellectual property action filed in this court, the Upstream Images Parties seek and may receive an injunction affecting or an order requiring impoundment of the shutters bearing the allegedly copyrighted elk image. As a result, there is no way for the court to rule on the quiet title action request for "a determination and decree that Defendants hold no interest" in the shutters[10] without simultaneously determining whether the Upstream Images Parties have protectable copyright interests in the reproduction,

---

3. 28 U.S.C. § 1441(a).

4. 28 U.S.C. § 1446(a).

5. In their briefing, the Pebble Creek Parties characterize and analyze the removed action as involving only the issue of "whether it was improper for the Upstream Images Parties to file a lis pendens, under Utah State law." Pls.' Mem. Supp. Mot. Remand 4 (Docket No. 7). At no point, however, do they address the fact that the state court action also involves a quiet title claim which requires a declaration of the parties' rights in property bearing the disputed elk image and therefore, necessarily, a judgment on the validity of the Upstream

Images Parties' copyright claims regarding that image.

6. 17 U.S.C. § 301(a) (emphasis added).

7. 17 U.S.C. § 106.

8. *Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir.2005) (internal quotations and citations omitted).

9. *Briarpatch Limited, L.P., v. Phoenix Pictures, Inc.*, 373 F.3d 296, 307 (2d Cir.2004).

10. Pls.' Complaint ¶ 18 (Docket No. 2, Ex. 4).

distribution, and display of the contested elk image on those shutters.

 Accordingly, and in line with the reasoning of *Briarpatch*, the court finds that the complete preemption doctrine applies to the Upstream Images Parties' state quiet title claim, and that, therefore, removal of the claim was valid in light of the uncontested timeliness of the notice of removal. As for any claims still pending after Judge Pullan's denial of the petition to nullify the liens in the state summary proceeding[11]—such as the request for costs and reasonable attorney's fees—the court finds that they are joined with the completely preempted quiet title claim such that removal of the entire case is proper here.[12]

The Pebble Creek Parties' motion to remand to Utah state court is, therefore, DENIED [# 6].

### (B) The State Court Order Is Valid

 The court also finds that Judge Pullan's entrance of an order on July 25, 2007 was simply a ministerial act that did not involve further proceedings within the meaning of the federal removal statute. 28 U.S.C. § 1446(d) provides in part that, once a case is removed, "the State court shall proceed no further unless and until the case is remanded."[13] In *Lawrence v. Chancery Court of Tennessee,* however, the Sixth Circuit held that § 1446(d)'s pro-

hibition to "proceed no further" was not intended to forever paralyze state courts "from taking ministerial steps that do not affect the adjudication of the parties' dispute."[14] Otherwise, the Circuit noted, "the state court would be forever prohibited from taking any action at all regarding the now-removed case...."[15]

Applying these principles to the present case, the court finds that the state court order is valid. First, Judge Pullan held a hearing on July 10, 2007—nearly two weeks before the removal of the lawsuit and at a time when he unquestionably had jurisdiction over the case—wherein he made a firm ruling from the bench and on the record. Second, any objections to the proposed order—which was essentially meant to transcribe the in-court ruling— were due on July 20, 2007, and no such objections were filed. Third, as required, the Upstream Images Parties filed the proposed order by July 23, 2007, and on the same day the Pebble Creek Parties removed the case to this court. The only act that Judge Pullan took subsequent to the removal was on July 25, 2007, when he performed the ministerial function of signing and entering the order reflecting his earlier, in-court ruling on July 10, 2007. Because this final, essentially clerical task in no way affected the merits of the already-adjudicated issue disputed by the parties, the court finds that the state court

---

**11.** *See Anderson v. Wilshire Investments, L.L.C.,* 2005 UT 59, ¶¶ 14–17, 123 P.3d 393 (adopting the view that a petition to nullify a wrongful lien acts "as a motion for an expedited proceeding addressing one issue within the context of a larger civil action" as opposed to "a separate and independent action designed to resolve the wrongful lien claim").

**12.** *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or

causes of action, the entire case may be removed and the district court may determine all issues therein....").

**13.** 28 U.S.C. § 1446(d).

**14.** 188 F.3d 687, 692–93 (6th Cir.1999) (characterizing "the assessment of court costs already accrued" as a ministerial act that did not violate § 1446(d)'s prohibition to "proceed no further").

**15.** *Id.* at 692.

order does not violate § 1446(d). To hold otherwise would enable defendants to effectively nullify dispositive rulings made at state court hearings by rushing to remove the case before the administrative entrance of the written version of the decision.

The case of *Ford Motor Credit v. AA Plumbing*[16]—cited by the Pebble Creek Parties in their opposition memorandum—is simply inapposite here. In *Ford Motor Credit*, the court vacated a state court judgment pursuant to § 1446(d) because the matter had been removed on May 24, 2000, nearly a week *before the hearing was held and the ruling was made* on May 31, 2000.[17] Here, though, just the opposite occurred—the hearing at which the substantive ruling was made took place nearly two weeks *before the removal of the case.*

Accordingly, the court hereby DENIES the Pebble Creek Parties' motion to hold void the state court order entered on July 25, 2007[# 11].

## CONCLUSION

In sum, the court finds that the Upstream Images Parties properly removed the state action and that Judge Pullan validly entered the state court order on July 25, 2007. The state quiet title claim is completely preempted under the Copyright Act, and joins with the remainder of the claims to make removal of the entire case appropriate. In addition, Judge Pullan's signing and entering of the order was only a ministerial act that did not affect the merits of the dispute between the parties. Accordingly, the court hereby DENIES the Pebble Creek Parties' motions to remand to Utah state court [# 6] and to

hold void the state court order entered on July 25, 2007[# 11].

---

**16.** No. CIV.A.00–1561, 2000 WL 1059858 (E.D.La. Aug. 2, 2000).

**17.** *Id.* at **1, 4.