FILED
United States Court of Appeals
Tenth Circuit

December 5, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

GEORGE ESPARZA,

            Petitioner-appellant,

      v.

STATE OF UTAH,

            Respondent-appellee.

No. 07-4152

(D. Utah)

(D.C. No. 2:05-CV-600)

_____

**ORDER**
_____

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.
_____

George Esparza brings a pro se appeal, challenging the district court's dismissal of

his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Mr. Esparza failed to appear for

a January 20, 2004 bench trial, which resulted in the issuance of a bench warrant. The

trial was reset for March 30, 2004, and Mr. Esparza again failed to appear. Mr. Esparza

was found guilty *in absentia* of violating the City of West Valley Municipal Code for

[domestic] battery. He has not been sentenced.

Mr. Esparza filed a § 2254 habeas petition. The district court dismissed the

petition for lack of jurisdiction because Mr. Esparza is not "in custody" as required by §

2254, or in the alternative, for failure to exhaust. On appeal, Mr. Esparza argues that (1)

the bench warrant is illegal under the Eighth Amendment and the Utah Constitution and

should be recalled; (2) the domestic battery charge is unconstitutional because "spitting" is not an element of the offense; and (3) he is "in custody."

We construe Mr. Esparza's brief as a request for a certificate of appealability ("COA"), deny the application for a COA, and dismiss the matter.

BACKGROUND

The City of West Valley City, Utah charged Mr. Esparza with one count of battery, a class B misdemeanor, in violation of West Valley City Municipal Code 21-6-106, which provides:

> (1) A person commits battery if he, intentionally or knowingly, without legal justification and by any means:
> >    (a)  Causes bodily injury to a person; or
> >    (b) Makes physical contact of an offensive, insulting, or provoking nature with a person.
> (2) Physical contact in (1)(b) shall include, but is not limited to, **spitting**, kissing, pinching, poking, shoving or intimidating touching.

(emphasis added).

Mr. Esparza appeared for an arraignment hearing, entered a not guilty plea, and signed a notice acknowledging the trial had been set for January 20, 2004. The signed notice also acknowledged his understanding that if he failed to appear, the trial could be held in his absence, and a bench warrant could be issued for his arrest. Mr. Esparza did not appear, and as a result a bench warrant was issued. The trial was reset for March 30, 2004. Mr. Esparza again failed to appear, and was convicted *in absentia*. He has not yet been sentenced.

2

Mr. Esparza originally filed his § 2254 petition in Montana. That court found that it did not have jurisdiction, and transferred the action to Utah. The Utah district court dismissed the action finding that (1) it lacked jurisdiction because Mr. Esparza is not "in custody" as required by the language of § 2254(a); and (2) alternatively, because he did not exhaust his state court remedies.

## DISCUSSION

In order to obtain a COA, Mr. Esparza must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338. Because Mr. Esparza proceeds pro se, we construe his pleadings liberally. *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

Reasonable jurists could not debate whether Mr. Esparza's petition should have been resolved differently. "Federal courts may grant habeas relief to prisoners held by state authorities only when the habeas petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Foster v. Booher*, 296 F.3d 947,

3

949 (10th Cir. 2002) (quoting § 2254). We hold that Mr. Esparza is not "in custody" as required by the statute and case law, for substantially the same reasons as the district court.

In order to meet § 2254's requirements, Mr. Esparza must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The bench warrant issued not from his conviction, but because he failed to appear for the original bench trial. Further, Mr. Esparza has never been sentenced. Therefore, he is not "in custody" under a conviction or sentence and the district court did not err in finding that it lacked jurisdiction.

We also agree with the district court that Mr. Esparza failed to exhaust his administrative remedies. Mr. Esparza argues that the state court prevented him from exhausting his claims because it denied his notice of appeal as premature. "As a general rule, a[] [Utah] appellate court lacks jurisdiction over an appeal that is not taken from a final order or judgment." *Anderson v. Wilshire Investments, L.L.C.*, 123 P.3d 393, 395 (Utah 2005). Because Mr. Esparza has not yet been sentenced, there is no final order the state court can hear on appeal. Therefore, he has not exhausted his state remedies, and the district court properly found that it lacked jurisdiction for this alternative reason.

## CONCLUSION

Accordingly, we DENY Mr. Esparza's application for a COA and DISMISS this matter.

Entered for the court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

5