2014 UT App 182

**Enoch Richard SMITH, Plaintiff,**

v.

**D.A. OSGUTHORPE and D.A. Osguthorpe Family Partnership, Defendants and Appellants, and ASC Utah, Inc., Garnishee Defendant and Appellee, and Stephen A. Osguthorpe and D.A. Osguthorpe, Interpleaded Garnishee Defendants and Appellants.**

No. 20130037–CA.

Court of Appeals of Utah.

July 31, 2014.

David W. Scofield and David Bernstein, for Appellants.

John R. Lund and Kara L. Pettit, for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judge JAMES Z. DAVIS and Senior Judge RUSSELL W. BENCH concurred.[1]

Memorandum Decision

ORME, Judge:

¶ 1 Pursuant to a garnishment order obtained by plaintiff Enoch Richard Smith, the details of which are not relevant to the jurisdictional question before us, ASC Utah, Inc. (ASC) deposited with the trial court $200,000 that it owed to the Osguthorpes. When the Osguthorpes made full payment of the judgment against them and in favor of Smith,

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

they moved to vacate the garnishment order. The trial court granted the motion. The court, however, determined that it would continue to hold ASC's $200,000 pending the resolution of a separate case between ASC and the Osguthorpes. That dispute was resolved when the judge assigned to that case ruled that ASC owed no money to the Osguthorpes. The trial court here then granted ASC's motion to return its $200,000. The Osguthorpes appeal the trial court's decision to release the funds to ASC, arguing that the decision was incorrect under principles of res judicata and judicial estoppel.

¶ 2 We do not reach the merits of the Osguthorpes' appeal because it was not taken from a final order or judgment. The losing party in a legal proceeding may appeal, as a matter of right, only from "final orders and judgments." Utah R.App. P. 3(a). "[A] judgment is final when it 'ends the controversy between the parties litigant.'" *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (quoting *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536 (Utah 1979)). The court's decision merely requiring the return of funds paid into court by ASC did not resolve any substantive controversy between ASC and the Osguthorpes. Thus, the appeal taken by the Osguthorpes was not from a final judgment, and we lack jurisdiction over the appeal on that basis.

¶ 3 As a matter of discretion, this court may permit interlocutory appeals—appeals from orders and judgments that are not final—but only upon granting a well-taken petition for permission to appeal. *See* Utah R.App. P. 5(a). Alternatively, if the trial court properly certifies an otherwise interlocutory order as final, in accordance with rule 54(b) of the Utah Rules of Civil Procedure, an appeal may be taken from that order. The Osguthorpes have not filed a petition under rule 5(a) of the Utah Rules of Appellate Procedure asking for permission to appeal. And the trial court's order in this case was not certified as final under rule 54(b). Thus, neither of these avenues is available in this case to vest us with jurisdiction over the appeal.

¶ 4 In view of the foregoing, we do not have jurisdiction to further consider this appeal. Accordingly, the appeal is dismissed. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").