Filed 6/25/13  Read v. Deutsche Bank Nat. Trust CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARINA READ,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, et al.,<br><br>  Defendants and Respondents. | 2d Civil No. B242319<br>(Super. Ct. No. 1385990)<br>(Santa Barbara County) |

Marina Read appeals from judgment of dismissal after an order sustaining, without leave to amend, the demurrer of Deutsche Bank National Trust Company (Deutsche Bank)[1] to her complaint for cancellation and rescission of a mortgage deed.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Read borrowed $827,750 from IndyMac Bank, FSB, secured by a deed of trust against her home.  She defaulted on the loan, and the property was eventually sold in a trustee's sale to Deutsche Bank.

---

[1] Deutsche Bank appears as Trustee of the IndyMac Indx Mortgage Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4 under the Pooling and Servicing Agreement dated March 1, 2006,  and OneWest Bank, FSB (OWB).

*Unlawful Detainer Action*

In 2010, Deutsche Bank brought an unlawful detainer action against Read. (*Deutsche Bank National Trust Company v. Marina Read* (Super. Ct. Santa Barbara County, No. 1370083).) The trial court granted summary judgment in favor of Deutsche Bank. The judgment was affirmed on appeal.

*Read v. Deutsche Bank I*

While the unlawful detainer action was pending, Read filed a complaint against Deutsche Bank, OWB, and others for breach of contract, fraud, and common counts "arising out of the wrongful foreclosure" of her home. (*Read v. Deutsche Bank National Trust Company* (Super. Ct. Santa Barbara County, 2010, No. 1370227) (*Read v. Deutsche Bank I*).) She alleged that the foreclosure was based upon an improper trustee assignment, a fraudulent loan modification agreement, and false documents, among other things. The trial court sustained a demurrer to the second amended complaint in favor of Deutsche Bank, OWB, and others, without leave to amend. Read did not appeal from the judgment of dismissal following the order sustaining Deutsche Bank and OWB's demurrer.

*Read v. de Bellefeuille*

In March 2012, Read filed an action in federal court against Judge Denise deBellefeuille, Deutsche Bank, and others in which she alleged violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to commit fraud, and other causes of action based on misconduct in the foreclosure proceedings, the unlawful detainer action, and in *Read v. Deutsche Bank I*. (*Read v. deBellefeuille* United States District Court for the Central District, Case No. CV12-02662-JHN (MRWx).) The federal court dismissed the action with prejudice. Read's appeal is pending. (United States Court of Appeal for the Ninth Circuit, Case No. 12-56223.)

*Read v. Deutsche Bank II (This Action)*

In April 2012, Read filed this action against Deutsche Bank, OWB, and others for "rescission and cancellation of written instruments." She asserts three causes of action for fraud in which she alleges the defendants acted in concert to create and mislead her about fraudulent loan documents.

The trial court sustained Deutsche Bank's demurrer to the initial complaint without leave to amend. The trial court found that Read's claims were substantively identical to those she litigated in *Read v. Deutsche Bank I,* and were barred under the doctrines of res adjudicate and collateral estoppel. Read appeals from the judgment of dismissal.

## DISCUSSION

Under the doctrine of res judicata, a valid final judgment on the merits in favor of the defendant bars further litigation on an identical cause of action. (*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 866.) The doctrine of collateral estoppel similarly precludes re-litigation of identical issues. (*Id.* at p. 867.)

Read contends that the judgment in *Read v. Deutsche Bank I* cannot preclude her claims because the judgment is not valid. She points out that it was signed by a judge to whom the case was not assigned for all purposes after the case had been removed to federal court. We reject her contention.

Santa Barbara Superior Court Judge deBellefeuille was assigned to *Read v. Deutsche Bank I* for all purposes. She heard Deutsche Bank and OWB's demurrer and she entered a minute order on March 10, 2011, before removal, sustaining the demurrer without leave to amend. On April 5, 2011, a remaining defendant removed the case to federal court. On April 8, in Judge deBellefeuille's absence, Santa Barbara Superior Court Judge Thomas P. Anderle signed a formal order sustaining the demurrer and entering judgment of dismissal. On May 16, the federal district court remanded the case to the Santa Barbara Superior Court.

3

After notice of removal, the state court "shall proceed no further unless and until the case is remanded." (28 U.S.C. 1446(d); *Allstate Ins. Co. v Superior Court* (1982) 132 Cal.App.3d 670, 674-676.) But Judge deBellefeuille sustained the demurrer before notice of removal, as demonstrated by the March 10 minute order. The "prohibition to 'proceed no further' does not extend to ministerial acts that do not affect the merits of the dispute between the parties." (*Lawrence v. Chancery Court of Tennessee* (6th Cir. 1999) 188 F.3d 687, 692 [state court post-removal assessment of costs already accrued was valid]; *Pebble Creek Homes, LLC v. Upstream Images, LLC* (D. Utah 2007) 547 F.Supp.2d 1214, 1218 [signing and entering formal order reflecting pre-removal ruling was a ministerial act, and the resulting order was valid].) The merits of the dispute between Read, Duetsche Bank, and OWB were resolved before removal. Judge Anderle performed a ministerial function when he signed the formal order and entered judgment. Read cites no authority for her contention that only the judge assigned for all purposes may enter judgment, and we are aware of no support for her position.

Read's claims are precluded because they involve the same primary right as previously adjudicated in *Read v. Deutsche Bank I.* In both actions she alleged that she lost her home as a result of fraud in connection with the loan and foreclosure proceedings. A plaintiff cannot avoid the bar of res judicata by raising new legal theories or requesting different relief. (*California Coastal Com. v. Superior Court* (1989) 210 Cal.App.3d 1488, 1499.) Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. (*Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798.)

The trial court did not abuse its discretion when it denied leave to amend. It was Read's burden to demonstrate how deficiencies could be cured by

4

amendment.  (*Fontenot v. Wells Fargo Bank, N.A*. (2011) 198 Cal.App.4th 256, 274-275.)  She did not.

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, J.


We concur:


YEGAN, P.J.


PERREN, J.

5

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____


Marina Read, in pro. per., for Plaintiff and Appellant.

Wright Finlay & Zak, Jonathan D. Fink; Magdalena D. Kozinska, for Defendants and Respondents.